# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORTH CENTRAL STATES REGIONAL COUNCIL OF CARPENTERS' DEFINED BENEFIT PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WUNDER CONSTRUCTION, INC. and THOMAS L. WUNDER, <br><br> Defendants. | Case No. 12-CV-983-JPS <br><br><br> **ORDER** |

On September 26, 2012, plaintiffs North Central States Regional Council of Carpenters' Defined Benefit Pension Fund, North Central States Regional Council of Carpenters' Defined Contribution Pension Fund, North Central States Regional Council of Carpenters' Health Fund, North Central States Regional Council of Carpenters' Vacation Fund, North Central States Regional Council of Carpenters' Apprenticeship and Journeyman Training Fund, United Brotherhood of Carpenters International Training Fund, Labor Management Cooperation Trust Fund, Mert Summers, Contract Administration Fund, and North Central States Regional Council of Carpenters (collectively, "Plaintiffs") brought this suit against Wunder Construction, Inc. ("Wunder Construction") and Thomas L. Wunder ("Thomas Wunder"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Labor Management Relations Act of 1947 ("LMRA"), a Wisconsin state civil theft statute, and a Promissory Note executed by Defendants. (Docket #1). The docket for this case indicates that defendants were served in this matter. (Dockets #5, #6). After several months of inaction, the court issued an Order noticing Plaintiffs that the court would

dismiss the action unless they commenced prosecution of this case. (Docket #7). On April 18, 2013, Plaintiffs requested an entry of default and default judgment against defendants. (Dockets #9, #13, #21). The clerk of the court entered the defendants' default. (April 18, 2013 Docket Entry). On July 26, 2013, this court issued an Order notifying Plaintiffs of inconsistencies in the figures they provided in support of their damage requests; the court gave Plaintiffs ten days to file accurate materials in support. (Docket #24). Plaintiffs timely filed amended affidavits. (Dockets #25, #27). As of the date of this Order, defendants have not responded to Plaintiffs' motions for default judgment.

Under Fed.R.Civ.P. 55(b)(2), the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). Upon entry of default by the clerk, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

In their complaint, Plaintiffs allege that defendants agreed to contribute to Plaintiffs' trust funds, as memorialized in the Collective Bargaining Agreement ("CBA") to which Plaintiffs and defendants were parties, and that defendants have failed to contribute as promised. The complaint states claims against Wunder Construction under ERISA and LMRA, and claims against Thomas Wunder under ERISA, Wis. Stats. §§ 895.446 and 943.20, and the common law. The complaint further claims that both defendants breached their promissory note and CBA. Taking the

complaint's allegations as true, the court finds the defendants liable, as alleged in the complaint.

Before the court may award damages in a default judgment, Plaintiffs must show that they are entitled to such damages "based upon [their] actual injury or loss suffered." *Graham*, 51 F.3d at 713. Plaintiffs assert that Wunder Construction owes damages for its violation of ERISA. With regard to entitlement to damages, ERISA provides the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Page 3 of 7

Case 2:12-cv-00983-JPS   Filed 08/21/13   Page 3 of 7   Document 29

In their motion for default judgment, Plaintiffs provided an itemized list of damages owed to each Plaintiff, including amounts for unpaid contributions, liquidated damages, and attorney fees and costs. (Dockets #25, #27.) Plaintiffs included affidavits from Kathryne A. Breitlow, one of plaintiffs' attorneys, attesting to the accuracy of the claimed damages and attorneys' fees. According to the materials filed by plaintiffs, defendant Wunder Construction owes the following amounts: (1) $2,707.58 to the North Central States Regional Council of Carpenters' Defined Benefit Pension Fund; (2) $296.14 to the North Central States Regional Council of Carpenters' Defined Contribution Pension Fund; (3) $3,321.02 to the North Central States Regional Council of Carpenters' Health Fund; (4) $634.59 to the North Central States Regional Council of Carpenters' Vacation Fund; (5) $110.00 to the North Central States Regional Council of Carpenters' Apprenticeship & Journeyman Training Fund; (6) $32.15 to the United Brotherhood of Carpenters International Training Fund; (7) $8.47 to the Labor Management Cooperation Trust Fund; (8) $33.84 to the Contract Administration Fund; (9) $264.87 to the North Central States Regional Council of Carpenters for dues; (10) Attorneys' fees of $1,287.00; and (11) Costs of 403.60. The amount of damages claimed against Wunder Construction is $9,099.26.

Plaintiffs also assert an entitlement to damages against Thomas Wunder in his individual capacity arising out of his violations of ERISA. Plaintiffs assert that Thomas Wunder exercised authority or control over the management or disposition of fund assets, and as such, served as a fiduciary for working dues and vacation monies. 29 U.S.C. § 1109 provides, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). According to the materials submitted in support of their claim against Thomas Wunder, he owes the following amounts: (1) $634.59 to the North Central States Regional Council of Carpenters Vacation Fund; and (2) $264.87 in unpaid working dues to the North Central States Regional Council of Carpenters. The court notes that Plaintiffs have also claimed these damages against Wunder Construction.

Plaintiffs further assert that Thomas Wunder is liable for civil theft, in violation of Wis. Stats. §§ 895.446 and 943.20. Wis. Stat. § 943.20 prohibits theft, and Wis. Stat. § 895.446 provides, in relevant part, that "Any person who suffers damage or loss by reason of intentional conduct […] that is prohibited under s. […] 943.20 […] has a cause of action against the person who caused the damage or loss." In their complaint, Plaintiffs claim that Thomas Wunder intentionally retained possession of working dues owed to the North Central States Regional Council of Carpenters with intent to convert the monies for his own use or for use of Wunder Construction. Plaintiffs seek to recoup the following amounts from Wunder: (1) $264.87, representing the amounts deducted from employees' paychecks that should have been paid to them; and (2) treble damages of $794.61, pursuant to Wis. Stats. § 895.446(3)(c). The court notes that Plaintiffs have also claimed damages for the unpaid dues against Wunder Construction.

Finally, with regards to Thomas Wunder's liability, the Plaintiffs seek $403.60 in costs. The court notes that Plaintiffs have also claimed these costs against Wunder Construction.

Based on the affidavits, in conjunction with the complaint, the court finds that plaintiffs have established their entitlement to unpaid contributions, interest, and liquidated damages. They have established an entitlement to judgment against Wunder Construction in the amount of $7,796.20.[1] They have established an entitlement to judgment against Thomas Wunder in the amount of $794.61.[2] They have established an entitlement to judgment against both Wunder Construction and Thomas Wunder, jointly and severally, in the amount of $1,303.06.[3]

Accordingly,

**IT IS ORDERED** that plaintiffs' Motions for entry of Default Judgment (Dockets #13, #21) be and the same are hereby **GRANTED**;

---

[1] This amount represents the sum of: (1) $2,707.58 to the North Central States Regional Council of Carpenters' Defined Benefit Pension Fund; (2) $296.14 to the North Central States Regional Council of Carpenters' Defined Contribution Pension Fund; (3) $3,321.02 to the North Central States Regional Council of Carpenters' Health Fund; (4) $110.00 to the North Central States Regional Council of Carpenters' Apprenticeship & Journeyman Training Fund; (5) $32.15 to the United Brotherhood of Carpenters International Training Fund; (6) $8.47 to the Labor Management Cooperation Trust Fund; (7) $33.84 to the Contract Administration Fund; and (8) Attorneys' fees of $1,287.00.

[2] This amount represents the award of treble damages pursuant to Wis. Stats. § 895.446(3)(c).

[3] This amount represents the sum of: (1) $634.59 to the North Central States Regional Council of Carpenters' Vacation Fund; (2) $264.87 in unpaid working dues to the North Central States Regional Council of Carpenters; and (3) $403.60 in costs.

**IT IS FURTHER ORDERED** that Plaintiffs shall have and recover $7,796.20 from defendant Wunder Construction;

**IT IS FURTHER ORDERED** that Plaintiffs shall have and recover $794.61 from defendant Thomas Wunder; and

**IT IS FURTHER ORDERED** that Plaintiffs shall have and recover $1,303.06 from defendants Wunder Construction and Thomas Wunder, jointly and severally.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2013.

BY THE COURT:

*[signature]*
J.P. Stadtmueller
U.S. District Judge